**SAUERBIER RANCHES, INC.; et al., Plaintiffs-Appellants,**

v.

**CATLIN SPECIALTY INSURANCE COMPANY, Defendant-Appellee.**

No. 16-35280

United States Court of Appeals, Ninth Circuit.

Submitted December 7, 2017 \* Seattle, Washington

Filed December 11, 2017

Linda Deola, Scott Peterson, Morrison, Sherwood, Wilson & Deola, PLLP, Helena, MT, for Plaintiffs-Appellants

Randall G. Nelson, Nelson Law Firm, P.C., Martha Sheehy, Sheehy Law Firm, Billings, MT, for Defendant-Appellee

Before: O'SCANNLAIN, TALLMAN, and WATFORD, Circuit Judges.

## MEMORANDUM \*\*

1. The district court properly granted Catlin Specialty Insurance Company's motion for judgment as a matter of law. Catlin is not liable under the Montana Unfair Trade Practices Act because it "had a reasonable basis in law ... for contesting the claim or the amount of the claim." Mont.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Code Ann. § 33-18-242(5). Contrary to Sauerbier Ranches' argument, the question whether an insurer reasonably interpreted precedent in making a coverage decision is a legal question for the court. *State Farm Mut. Auto. Ins. Co. v. Freyer*, 372 Mont. 191, 312 P.3d 403, 418–19 (2013). Here, the insurance policy is governed by New York law, and cases applying New York law support Catlin's interpretation of the "Interrelated Wrongful Acts" provision. *See Quanta Lines Ins. Co. v. Inv'rs Capital Corp.*, No. 06-CIV-4624-PKL, 2009 WL 4884096, at *2, *14 (S.D.N.Y. Dec. 17, 2009), *aff'd sub nom. Quanta Specialty Lines Ins. Co. v. Inv'rs Capital Corp.*, 403 Fed.Appx. 530 (2d Cir. 2010); *Zahler v. Twin City Fire Ins. Co.*, No. 04-CIV-10299-LAP, 2006 WL 846352, at *6 (S.D.N.Y. Mar. 31, 2006).

Because we affirm the district court's grant of judgment as a matter of law, we need not address Sauerbier Ranches' evidentiary arguments.

2. The district court properly dismissed the individual shareholders. Under Montana law, corporate shareholders cannot "pursue an action on their own behalf when the cause of action accrues to the corporation." *Johnson v. Booth*, 343 Mont. 268, 184 P.3d 289, 293 (2008) (citation omitted). Because the individual shareholders did not invest in the tenant-in-common property themselves, Montana law does not recognize their claims.

Appellants shall bear the costs of appeal. *See* Fed. R. App. P. 39(a)(2).

**AFFIRMED.**

---

* The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.